**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:12MJ50-1 |
| | ) | |
| NOAH HILTON METZE | ) | |

**MEMORANDUM OPINION AND ORDER**

The defendant was charged by criminal complaint with possessing a firearm as a felon in violation of 18 U.S.C. § 922(g)(1). (Docket Entry 1.) The case thereafter came before the Court for a hearing on an oral motion for detention by the United States, pursuant to 18 U.S.C. § 3142(f)(1)(E), and for a preliminary hearing, pursuant to Fed. R. Crim. P. 5.1. (See Docket Entry dated Mar. 20, 2012.) At the end of the hearing, the Court found probable cause to support the charge and orally ordered the defendant's detention because clear and convincing evidence established that no available conditions of release would reasonably assure the safety of the community. (See id.) The Court now enters this written order memorializing that ruling as required by 18 U.S.C. § 3142(i)(1).

BACKGROUND

In advance of the hearing, a United States Probation Officer assigned to the Pretrial Services Unit prepared a report regarding the defendant's history, residence, family ties, employment

history, financial resources, health (including as it relates to mental health and substance abuse issues), and prior record. Both parties had an opportunity to review that report. At the hearing, the defendant conceded the accuracy of the Pretrial Services Unit's report (subject to immaterial corrections). Without objection by the defendant, the Court took notice of the affidavit filed in support of the criminal complaint. The defendant was "afforded an opportunity to testify, to present witnesses, to cross-examine witnesses who appear[ed] at the hearing, and to present information by proffer or otherwise," 18 U.S.C. § 3142(f). In this regard, the defendant opted not to present any evidence or to cross-examine the federal law enforcement officer who submitted the affidavit in support of the criminal complaint. Finally, the defendant declined to contest the existence of probable cause.

## DISCUSSION

In evaluating the issue of release or detention, the Court has considered the following statutorily-prescribed factors: "(1) the nature and circumstances of the offense charged . . .; (2) the weight of the evidence against the [defendant]; (3) the history and characteristics of the [defendant] . . .; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the [defendant's] release." 18 U.S.C. § 3142(g). Based on the record before it, the Court makes the following findings of fact and/or conclusions of law:

1) the offense charged:

A) is serious in nature, including as reflected by the available prison sentence, see, e.g., United States v. Williams, 576 F.3d 1149, 1158 (10th Cir. 2009) ("Being a felon in possession of a firearm is a serious offense."); United States v. Melquizo, 824 F.2d 370, 371 (5th Cir. 1987) ("We find that a possible sentence of ten years is also sufficient indication that the offense is serious."); United States v. Stump, 784 F. Supp. 326, 330 (N.D.W. Va. 1992) (describing Section 922(g)(1) as "a serious federal crime"); 18 U.S.C. §§ 924(a)(2) (providing for prison term of up to ten years for violation of 18 U.S.C. § 922(g)), 3142(g)(1) (identifying question of whether offense "involves a . . . firearm" as among important factors in assessment of nature of offense); and

B) involved circumstances that raise significant concerns about danger to the community, in that the evidence reflects the defendant, who admitted a history of mental health problems, possessed highly-dangerous firearms (i.e., a machine-gun and firearms designed to accommodate silencers), manufactured silencers, stockpiled large quantities of ammunition, and took steps to conceal his activity, see, e.g., United States v. O'Brien, 560 U.S. ___, ___, 130 S. Ct. 2169, 2178 (2010) (recognizing "immense danger posed by machineguns"); United States v. Fincher, 538 F.3d 868, 874 (8th Cir. 2008) ("Machine guns are not in common use by law-abiding citizens for lawful purposes . . . ."); RSM,

Inc. v. Herbert, 466 F.3d 316, 318 (4th Cir. 2006) (describing "machine guns and silencers" as "especially dangerous weapons"); United States v. Huffhines, 967 F.2d 314, 321 (9th Cir. 1992) ("[A] silencer is practically of no use except for a criminal purpose. . . . Possession of a silencer thus demonstrates a disregard of law and a substantial risk of improper physical force.");

 2) the weight of the evidence against the defendant is strong:

  A) through the use of confidential informants, federal law enforcement officers made controlled purchases of firearms (including a pistol threaded for a silencer), as well as a home-made "zip-gun," from the defendant at his residence, obtained a silencer manufactured by the defendant, as well as photographs of additional silencers the defendant was manufacturing at his residence, and made audio-recordings of the defendant displaying numerous firearms (including a machine-gun and a firearm designed to accommodate a silencer) and describing his ammunition hoard and hidden vehicular compartments for the storage of firearms;

  B) prior to the instant offense conduct and before the enactment of the sentencing scheme described in United States v. Simmons, 649 F.3d 237, 240-50 (4th Cir. 2011) (en banc), the defendant sustained at least one conviction under North Carolina law for an offense then punishable by more than one year in prison, i.e., breaking and entering (in 1985, for which he received a

suspended but later partially-activated three-year prison term), see United States v. Harris, No. 11-4389, 2011 WL 6229795, at *1 (4th Cir. Dec. 15, 2011) (unpublished) ("[The defendant's] 1992 convictions for breaking or entering . . . pre-date enactment of North Carolina's Structured Sentencing Act, which was at issue in Simmons. See generally State v. Garnett, 706 S.E.2d 280, 288 (N.C. Ct. App. 2011) (explaining that the Fair Sentencing Act 'was repealed effective 1 October 1994 and succeeded by the Structured Sentencing Act, N.C. Gen. Stat. §§ 15A-1340.10 to -1340.33'). Breaking or entering is a Class H felony, see N.C. Gen. Stat. § 14-54 (2009); State v. Salters, 65 N.C. App. 31, 308 S.E.2d 512, 515 (1983), and pursuant to North Carolina's Fair Sentencing Act, the presumptive sentence for a Class H felony was three years in prison. See State v. Lawrence, 193 N.C. App. 220, 667 S.E.2d 262, 264 (2008) ('Under the Fair Sentencing Act, a Class H felony carried a maximum punishment of ten years, with a presumptive term of three years.'). Accordingly, either of the 1992 breaking or entering convictions . . . qualifies as a proper predicate for the § 922(g) charge, and Simmons does not alter this conclusion."); and

  C) no reasonable dispute appears to exist as to the interstate nexus of the firearm(s) in question; and

 3) the history and characteristics of the defendant raise the following concerns regarding risk of danger:

A) in addition to the above-cited conviction for breaking and entering (and a related larceny conviction), the defendant has a North Carolina conviction for escape (in 1986) and had his state probation revoked (in 1986); and

B) the defendant admitted a history of mental health issues which required hospitalization.

Given these considerations, including particularly the serious nature and dangerous circumstances of the instant offense conduct and the defendant's reported mental health history,[1] the Court concludes that clear and convincing evidence establishes that no available release conditions would reasonably assure the safety of the community. The proposal of home detention with electronic monitoring in the third-party custody of family members would insufficiently mitigate the risk of danger because it places the defendant back in the same environment where the instant offense conduct occurred without any reason to believe his family members or electronic monitoring would serve as effective restraints on his ability to resume dangerous firearm-related activity at his home.

---

[1] This conclusion does not represent a determination that all defendants with mental health histories warrant detention. However, given the unusual circumstances of the defendant's firearms-related activity (including possessing a machine-gun and manufacturing "zip-guns," silencers, and concealed vehicular compartments), the defendant's reported mental health issues reasonably do bear upon the risk of danger assessment in this case.

**IT IS THEREFORE ORDERED** that probable cause exists to support the criminal complaint and that the oral motion for detention by the United States is **GRANTED**. Pursuant to 18 U.S.C. § 3142(e)(1), the defendant is committed to the custody of the United States Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

March 22, 2012